**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRAGGS, | No. C 09-03450 SBA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS UNTIMELY** |
| v. | |
| JAMES A. WALKER, Warden, | (Docket nos. 10, 14, 16) |
| Respondent. | |

Petitioner George Braggs, a state prisoner incarcerated at California State Prison - Sacramento, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties are now before the Court on Respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition, and Respondent filed a reply. For the reasons set forth below, the Court GRANTS Respondent's motion to dismiss.

## BACKGROUND

In September 2006, an Alameda County Superior Court jury convicted Petitioner of attempted murder, assault with a firearm, and other crimes following a shooting in Oakland, California. On November 30, 2007, the California Court of Appeal affirmed the conviction. Petitioner did not file a petition for review in the California Supreme Court.

On May 9, 2008,[1] Petitioner filed a habeas petition in the California Supreme Court. The court denied his petition on October 28, 2008.

Petitioner filed the present habeas petition on July 27, 2009. He filed an amended petition on

---

[1] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). May 9, 2008 is the date the state habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. For the purposes of this discussion, the Court deems that the petition was filed on that date.

March 9, 2010.

On May 11, 2010, in lieu of an answer, Respondent filed a motion to dismiss the petition as untimely. The Court, on its own motion, granted Petitioner until September 6, 2010 to file his opposition.

On August 23, 2010, Petitioner filed a "Motion Requesting Permission Two [sic] File His Late Appeal" (docket no. 14). The Court construes this as Petitioner's opposition to the motion to dismiss.[3]

On August 27, 2010, Respondent filed a reply.

## DISCUSSION

AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review.

In the present case, the state appellate court affirmed Petitioner's conviction on November 30, 2007. That decision became final thirty days later, on December 30, 2007. See Cal. Rules of Court 8.366(b)(1). Petitioner did not file a petition for review in the California Supreme Court, and his time to seek further direct review expired ten days after the state appellate court's decision became final. See Cal. Rules of Court, rule 8.500(e)(1). The AEDPA's one-year statute of limitations thus commenced to run on January 10, 2008, see, and Petitioner was required to file a federal habeas corpus petition no later than January 9, 2009. See 28 U.S.C. § 2244(d)(1)(A). However, because he did not file the present petition until July 27, 2009 -- 199 days or more than six months after the limitations period had expired -- the petition is untimely by 199 days, unless Petitioner can show he is entitled to tolling.

---

[3] On September 10, 2010, Petitioner filed a Motion "Requesting Permission Two [sic] Show Why Appeal Was Late Do to Lost Property" (docket no. 15). In that motion, Petitioner refers to his August 23, 2010 motion as his opposition; therefore, the Court also construes the September 10, 2010 filing as part of his opposition. Respondent, in his reply, also refers to the August 23, 2010 motion as Petitioner's opposition.

2

## I.   **Statutory Tolling**

AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).

Here, Petitioner began to pursue collateral relief on May 9, 2008, when he filed a habeas petition with the California Supreme Court.  Petitioner is entitled to statutory tolling while his first round of state court petitions remained pending, which ended 172 days later when the California Supreme Court denied his petition on October 28, 2008.  Therefore, Petitioner is entitled to statutory tolling of the limitations period for a total of 172 days.  However, the present petition is still untimely by twenty-seven days (199 days minus 172 days) unless Petitioner can show he is entitled to equitable tolling.

## II.   **Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling because his untimeliness was caused by extraordinary circumstances beyond his control for three reasons.  First, Petitioner claims that while the AEDPA period ran, he was in administrative segregation without his legal materials, including his "transcripts and briefs." (Pet'r Sept. 10, 2010 Mot. at 3.)  Second, Petitioner proffers an affidavit from prisoner A. R. Ross who alleges that Petitioner did not know the state appellate court affirmed his conviction until March 19, 2008, over two months after the judgment became final. (Mot. to Dismiss, Ex. C, Pet'r State Habeas Pet., Ex. 2 ¶ 4.)  Finally, Petitioner argues that his status as a "mental patient" prevented him from timely filing the petition. (Opp'n at 1.)

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted

only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).  When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally.  Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

In order for Petitioner to show that he is entitled to equitable tolling, he must show a causal connection between any one or more of the reasons he advances as a ground for equitable tolling and his failure to file a federal petition on time.  Thus, the Court must determine whether he has shown that the alleged denial of access to his legal material, his alleged lack of knowledge of the state appellate court's affirmation of his conviction, or his status as a "mental patient" "were the cause of his untimeliness." Spitsyn, 345 F3d at 799.

### A. Lack of Access to Legal Materials

Petitioner argues he is entitled to equitable tolling because he was in administrative

4

1 segregation beginning on January 15, 2009[4] without his legal materials, including his "transcripts
2 and briefs." (Pet'r Sept. 10, 2010 Mot. at 3.)

In Espinoza-Matthews v. Cal., 432 F.3d 1021, 1027-28 (9th Cir. 2005), the Ninth Circuit held that a habeas petitioner was entitled to equitable tolling for the eleven-month period he was denied access to his legal materials despite his repeated requests for them. That case is distinguishable, however. In that case, the prisoner was denied access to his legal materials while he was in administrative segregation and was able to receive his materials only shortly before AEDPA's limitation period was to expire. See id. Unlike Espinoza-Matthews, Petitioner had, at minimum, approximately two months of access to his legal materials in which to file his federal habeas petition -- from October 28, 2008 until he was placed in administrative segregation on January 15, 2009.

In United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004), the Ninth Circuit held that, although the movant did not have access to trial transcripts, he was not entitled to a delayed start of the limitations period because the facts supporting the claims which occurred at the time of his conviction could have been "discovered" if he "at least consult[ed] his own memory of the trial proceedings." Here, Petitioner does not clarify what legal materials were necessary to file his federal habeas petition. He does not state how long he was without those files -- one day, one week, one month or the entire time he was in administrative segregation. He does not indicate what steps he took to regain his legal materials while in administrative segregation, thus failing to show that he "has been pursuing his rights diligently." Pace, 544 U.S. at 418. In short, Petitioner has not shown that his lack of access to legal materials was "the cause of his untimeliness." Spitsyn, 345 F3d at 799. The fact that he did not have access to his legal materials while in administrative segregation does not entitle him to equitable tolling.

### B.     Lack of Knowledge of Appellate Court Affirmation of His Conviction

Petitioner next claims he is entitled to equitable tolling because he was not aware of the state appellate court's November 30, 2007 Order affirming his conviction until March 19, 2008, when "an attorney identified as Matthew Zwerling . . . mailed [him] the opinion judgment." (Mot. to Dismiss,

---

[4] The record does not indicate when Petitioner was released from administrative segregation.

5

Ex. C, Pet'r State Habeas Pet., Ex. 2 ¶ 4.)

A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Routine instances of attorney negligence do not constitute extraordinary circumstances that require equitable tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel." See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007); Stillman v. Lamarque, 319 F.3d 1199, 1203 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

In the present case, Petitioner does not indicate whether Attorney Zwerling is his defense counsel, whether Petitioner made earlier efforts to determine whether his case had been ruled on, or whether Attorney Zwerling acted negligently in any way. But even if attorney negligence contributed to Petitioner's untimely filing, such negligence does not constitute extraordinary circumstances warranting equitable tolling. Lawrence, 127 U.S. at 336-37. Petitioner fails to demonstrate that he even if he had been "pursuing his rights diligently," an "extraordinary circumstance stood in his way" that prevented him from hearing that the state appellate court had affirmed his conviction and thus causing his federal habeas petition to be untimely. Pace, 544 U.S. at 418. Thus, the fact that he was not aware of the state appellate court's November 30, 2007 Order affirming his conviction -- until more than three months later -- does not entitle him to equitable tolling.

### C. Status as a "Mental Patient"

Lastly, Petitioner argues that he is entitled to equitable tolling "being a . . . mental patient with a below 4.0 GPA." (Sept. 10, 2010 Mot. at 1.) The record includes some documentation of medical treatment Petitioner received in state prison. (Opp'n, Ex. B.) Petitioner has provided two Mental Health Referral Chronos indicating that on January 25, 2008, Petitioner "hears things/sees things/imagines things," and that on January 31, 2008, Petitioner "exhibits bizarre behavior" and "hears things/sees things/imagines things." (Pet'r Sept. 10, 2010 Mot., Ex. 1.) Petitioner has also provided a confusing document with checkmarks next to both the box for "[t]he behavior of this inmate in the Mental Health Services Delivery System at the Correctional Clinical Case

6

1  Management System level of care at the time of the violation <u>appears to be</u> 'bizzare, unusual, or
2  uncharacteristic," as well as the box for "[t]he behavior <u>does not</u> appear to be 'bizarre, unusual, or
3  uncharacteristic,' which would warrant no further action." (Opp'n, Ex. B.)  Petitioner fails to explain
4  exactly what his mental ailments are, during what periods of time he was experiencing them, and
5  how they have affected his ability to file a timely habeas petition.  Indeed, by all accounts, his
6  disabilities did not prevent him from actually filing his state habeas petition on May 9, 2008, nor did
7  they prevent him from filing the instant federal habeas petition on July 27, 2009.

   The Ninth Circuit has held that a <u>pro se</u> petitioner's mental incompetence may constitute an "extraordinary circumstance" that warrants equitable tolling if it affects his ability to file a timely habeas petition.  <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir. 2003).  A petitioner does not "carry a burden of persuasion" at the time he asserts equitable tolling in opposition to a motion to dismiss; further factual development is "required" even if petitioner makes only a conclusory verified allegation, such as that during the relevant period he was "deprived [] of any kind of cons[ci]ousness."  <u>Id.</u> at 924 (reversing dismissal because district court failed to develop record in response to petitioner's claim of mental incompetency).  In general, where courts have required further factual development, either the petition or the record contains some evidence of a period of mental incompetency.  <u>See id.</u> at 923 (describing extended incompetency evaluations at petitioner's trial); <u>Rohan ex rel. Gates v. Woodford</u>, 334 F.3d 803, 814 (9th Cir. 2003) (describing a record documenting "serious mental problems for many years"); <u>Nara v. Frank</u>, 264 F.3d 310, 319-20 (3d Cir. 2001), <u>overruled in part on other grounds by</u> <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (evidentiary hearing warranted where evidence showed "ongoing, if not consecutive, periods of mental incompetency").  On the other hand, where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005) (not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition).     Here, Petitioner has failed to show any evidence of ongoing periods of mental incompetency, or that his status as a "mental patient" prevented him from filing on time; therefore,

his conclusory arguments for equitable tolling are unavailing. See id.; see also Laws, 351 F.3d at 923.

In sum, based on a thorough review of the facts asserted in Petitioner's federal petition and in his oppositions to the motion to dismiss, the Court concludes that Petitioner has not shown that equitable tolling should apply to him. That is, he alleges no facts which show an "extraordinary circumstance" meriting equitable tolling. See Beeler, 128 F.3d at 1289. Accordingly, the limitations period will not be equitably tolled, and the instant habeas petition is untimely by twenty-seven days.

## **CONCLUSION**

Respondent's motion to dismiss the petition as untimely (docket no. 10) is GRANTED. The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).

Petitioner's "Motion Requesting Permission Two [sic] File His Late Appeal" (docket no. 14) and his Motion "Requesting Permission Two [sic] Show Why Appeal Was Late Do to Lost Property" (docket no. 15) are TERMINATED because the Court has construed them as his oppositions to the motion to dismiss.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

This Order terminates Docket nos. 10, 14 and 16.

IT IS SO ORDERED.

DATED: 3/22/11

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\SBA\HC.09\Braggs3450.grantMTD.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GEORGE BRAGGS,

          Plaintiff,

  v.

JAMES A. WALKER et al,

          Defendant.

Case Number: CV09-03450 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Noah Braggs F49725
California State Prison - Sacramento
P.O. Box 290066
Represa, CA 95671-0066

G:\PRO-SE\SBA\HC.09\Braggs3450.grantMTD.wpd

*United States District Court*
*For the Northern District of California*

Dated: March 23, 2011

                                              Richard W. Wieking, Clerk
                                              By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\HC.09\Braggs3450.grantMTD.wpd   10