IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRAGGS,<br><br>        Petitioner,<br><br>  v.<br><br>JAMES A. WALKER, Warden,<br><br>        Respondent. | No. C 09-3450 SBA (pr)<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY**<br><br>(Docket no. 25) |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. In an Order dated March 22, 2011, the Court granted Respondent's motion to dismiss the petition as untimely. Petitioner has filed a notice of appeal and a request for a certificate of appealability (COA).

In an Order dated June 28, 2011, the Ninth Circuit Court of Appeals noted that this Court "ha[d] not issued or declined to issue a [COA] in this appeal . . . ." (Ninth Circuit June 28, 2011 Order at 1.) Therefore, the Ninth Circuit remanded this case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." (Id.)

For the reasons outlined below, Petitioner's request for a COA is GRANTED.

## DISCUSSION

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

The Court has reviewed its Order Granting Respondent's Motion to Dismiss Habeas Petition As Untimely. The petition was dismissed because the statute of limitations deadline was June 30, 2009, this petition was not filed until July 27, 2009, and Petitioner's arguments against dismissal -- that circumstances warrant equitable tolling to save the petition from being untimely -- were unavailing.

In his request for a COA, Petitioner claims that he should be entitled to further tolling of the limitations period during the time his first habeas action, Case No. C 09-1936 SBA (pr), was pending in this Court. The Court notes that this argument was not previously presented by Petitioner when the motion to dismiss was pending in the instant case.

The record shows that on May 4, 2009, Petitioner filed a letter in Case No. C 09-1936 SBA (pr); however, the Clerk of the Court directed him to file a petition within thirty days or his action would be dismissed. He did not file a petition by the thirty-day deadline and, instead, he requested an extension of time to file his petition. The Clerk sent him another notice directing him to file his petition no later than September 2, 2009.[1] However, in an Order dated September 4, 2009, the Court dismissed Petitioner's first habeas action without prejudice because the deadline had passed and "Petitioner ha[d] not filed a petition or otherwise communicated with the Court." (Sept. 4, 2009

---

[1] The Court notes that no determination was made as to the timeliness of any forthcoming petition in his first habeas action. When Petitioner was given an extension of time to file his petition, the Clerk was merely allowing Petitioner such an extension to avoid dismissal for failure to prosecute (under Rule 41(b) of the Federal Rules of Civil Procedure) because without an actual petition, his action could not proceed.

2

Order in Case No. C 09-1936 SBA at 2.)  To the contrary, Petitioner claims that he "re-filed the petition" on July 27, 2009.  However, instead of filing his petition in Case No. C 09-1936 SBA (pr), the Clerk opened a new action -- the instant case -- Case No. C 09-3450 SBA (pr).  Thus, Petitioner argues that "the petition which was filed on May 4, 2009, complied in all respects with the tolling doctrine articulated under (AEDPA)[2] 28 U.S.C. § 2254."  (Req. for COA at 4 (footnote added).)

Contrary to Petitioner's claim, there was no **petition** pending on May 4, 2009, the date that his first habeas action commenced.[3]  In fact, that action initially consisted of a May 4, 2009 letter to the Court and a request for an extension of time in which to file a federal petition.  Therefore, it was not a "pending" case for habeas corpus relief and it did not toll the limitations period because his initial filings did not constitute a challenge to his conviction.  Cf. Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of determining whether AEDPA applies).  Thus -- even if Petitioner's argument had been considered by the Court before it resolved the motion to dismiss -- the Court finds that his argument is unavailing because the limitations period would not have further been tolled for the period during which Petitioner's first federal habeas action was pending in this Court.

Next, Petitioner argues that "the Court failed and/or refused to investigate the extent of [his] mental illness."  (Req. for COA at 6.)  As the Court stated in its March 22, 2011 Order, "[t]he Ninth Circuit has held that a pro se petitioner's mental incompetence may constitute an "extraordinary circumstance" that warrants equitable tolling if it affects his ability to file a timely habeas petition."  (Mar. 22, 2011 Order at 7 (citing Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003)).)  Petitioner argues, "[t]he Court had evidence it should have examined more carefully before deciding to dismiss the petition with prejudice."  (Req. for COA at 6.)  He appears to argue that his habeas petition should not have been dismissed absent an evidentiary hearing so as to fully develop the record as to

---

[2] AEDPA stands for the Antiterrorism and Effective Death Penalty Act of 1996.

[3] Even if Petitioner had filed a petition, the Court notes that -- if he had argued that he was entitled to statutory tolling -- it is well-established that an application for federal habeas review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

3

the full extent of his alleged mental illness.  In its March 22, 2011 Order, the Court noted that "[a] petitioner does not "carry a burden of persuasion" at the time he asserts equitable tolling in opposition to a motion to dismiss; further factual development is "required" even if petitioner makes only a conclusory verified allegation, such as that during the relevant period he was "deprived [] of any kind of cons[ci]ousness."  (Mar. 22, 2011 Order at 7 (citing Laws, 351 F.3d at 924 (reversing dismissal because district court failed to develop record in response to petitioner's claim of mental incompetency)).

The Court summarized Petitioner's argument against dismissal relating to his alleged mental illness, stating:

> Petitioner argues that he is entitled to equitable tolling "being a . . . mental patient with a below 4.0 GPA."  (Sept. 10, 2010 Mot. at 1.)  The record includes some documentation of medical treatment Petitioner received in state prison.  (Opp'n, Ex. B.)  Petitioner has provided two Mental Health Referral Chronos indicating that on January 25, 2008, Petitioner "hears things/sees things/imagines things," and that on January 31, 2008, Petitioner "exhibits bizarre behavior" and "hears things/sees things/imagines things."  (Pet'r Sept. 10, 2010 Mot., Ex. 1.)  Petitioner has also provided a confusing document with checkmarks next to both the box for "[t]he behavior of this inmate in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care at the time of the violation appears to be 'bizzare, unusual, or uncharacteristic," as well as the box for "[t]he behavior does not appear to be 'bizarre, unusual, or uncharacteristic,' which would warrant no further action."  (Opp'n, Ex. B.)  Petitioner fails to explain exactly what his mental ailments are, during what periods of time he was experiencing them, and how they have affected his ability to file a timely habeas petition.  Indeed, by all accounts, his disabilities did not prevent him from actually filing his state habeas petition on May 9, 2008, nor did they prevent him from filing the instant federal habeas petition on July 27, 2009.

(Mar. 22, 2011 Order at 6-7.)  After considering the allegations in Petitioner's opposition to the motion to dismiss as well as his medical documentation, the Court concluded that the facts were insufficient to establish a basis for equitable tolling, stating: "Petitioner has failed to show any evidence of ongoing periods of mental incompetency, or that his status as a "mental patient" prevented him from filing on time; therefore, his conclusory arguments for equitable tolling are unavailing."  (Id. at 7 (citing Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition); Laws, 351 F.3d at 923).)  The Court finds that jurists of reason could differ on whether Petitioner was entitled to the benefits of

4

equitable tolling based on his alleged mental illness, or at least whether the Court correctly rejected the equitable tolling argument without requiring further development of the factual record.

As to the second prong of the <u>Slack</u> test for issuing a certificate of appealability, Petitioner has presented cognizable constitutional claims.  In the present petition, he challenges his conviction on the basis of ineffective assistance of his trial counsel, a violation of his right to cross-examine a witness, and cumulative error.  Accordingly, Petitioner's request for a COA is GRANTED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's request for a COA of this Court's Order of dismissal for untimeliness is GRANTED.  The Clerk shall process the notice of appeal.

This Order terminates Docket no. 25.

IT IS SO ORDERED.

DATED: _7/11/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRAGGS, | Case Number: CV09-03450 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JAMES A. WALKER et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Noah Braggs F49725
California State Prison - Sacramento
P.O. Box 290066
Represa, CA 95671-0066

Dated: July 12, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Braggs3450.grantCOA.wpd        6